FILED

2020 Apr-10  AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**BRENDA PALMER, Individually and on**          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                  No. 2:20-cv-_____

**JANI-KING FRANCHISING, INC.,**          **DEFENDANTS**
**TLS CLEANING SERVICE, LLC,**
**and TOREON SEARS**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

COMES NOW Plaintiff Brenda Palmer ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Jon Goldfarb of Wiggins Childs Pantazis Fisher & Goldfarb, LLC, and Blake Hoyt, *pro hac vice* to be filed, and Josh Sanford, *pro hac vice* to be filed, of the Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendants Jani-King Franchising, Inc., TLS Cleaning Service, LLC, and Toreon Sears (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

## I.      INTRODUCTION

1.      Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated minimum wages as required by the FLSA.

2.      Upon information and belief, for at least three (3) years prior to the filing of

this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described herein.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Northern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alabama has personal jurisdiction over Defendants, and Defendants therefore "reside" in Alabama.

5.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Southern Division of the Northern District of Alabama. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.     Plaintiff is a citizen and resident of Jefferson County.

7.     Separate Defendant Jani-King Franchising, Inc. ("Jani-King"), is a foreign, for-profit corporation.

8.     Jani-King's registered agent for service in Alabama is C T Corporation System, at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

9.     Separate Defendant TLS Cleaning Service, LLC ("TLS Cleaning Service"), is a domestic limited liability company.

10.     TLS Cleaning Service's registered agent for service is Toreon Sears, at 2001 37th Avenue, Birmingham, Alabama, 35207.

11.     Separate Defendant Toreon Sears ("Sears") is an individual and a resident

of Alabama.

## IV.    FACTUAL ALLEGATIONS

12.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.    Sears is the owner, principal, director, and/or officer of TLS Cleaning Service.

14.    Upon information and belief, Sears manages and controls the day-to-day operations of TLS Cleaning Service and dictates and the employment policies of TLS Cleaning Service, including but not limited to the decision to not pay Plaintiff and similarly situated employees a lawful minimum wage.

15.    TLS Cleaning Service is a franchise of Jani-King.

16.    Upon information and belief, Jani-King controls or has the right to control the day-to-day operations of TLS Cleaning Service such that it is liable to Plaintiff as an employer under the FLSA.

17.    Jani-King and TLS Cleaning Service constitute an integrated enterprise because Defendants' related activities of jointly owning and operating a cleaning service company are for a common purpose within the meaning of the FLSA, 29 U.S.C. § 203(r).

18.    Jani-King and TLS Cleaning Service acted jointly as the employer of Plaintiff and the proposed collective members and have been engaged in interstate commerce as that term is defined under the FLSA and the AMWA at all times relevant to this lawsuit.

19.    Defendants' annual gross volume of sales made or business done was not

less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

20.     During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as cleaning products and cleaning supplies.

21.     Defendants were Plaintiff's employer and the employer of the proposed collective within the meaning of the FLSA, 29 U.S.C. § 203(d), at all times relevant to this lawsuit.

22.     TLS Cleaning Service primarily contracts with movie theaters to clean their facilities.

23.     Plaintiff worked for Defendants within the three years preceding the filing of this Complaint.

24.     At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

25.     Plaintiff was employed by Defendants as a Cleaner during January of 2020.

26.     Defendants promised to pay Plaintiff and other Cleaners a monthly salary.

27.     Defendants misclassified Plaintiff and other similarly situated Cleaners as exempt from the requirements of the FLSA.

28.     Cleaners were classic "blue collar workers" under the FLSA.

29.     Plaintiff worked approximately seven hours a day, three or four days per week. In other words, Plaintiff worked twenty-one to twenty-eight hours per week.

30.     Defendant told Plaintiff he would pay her $280.00 per month.

31.     A monthly salary of $280.00 would not compensate Plaintiff at the lawful minimum wage for all hours she worked.

32.     Upon information and belief, Defendant promised to pay other Cleaners in the same manner.

33.     Defendant misclassified Plaintiff and other similarly situated Cleaners as exempt from the FLSA and failed to pay them a minimum wage for all hours worked.

34.     Defendant paid Plaintiff some of the wages she earned but did not pay Plaintiff all the wages she earned. In other words, Defendant did not even pay Plaintiff at the rate of $280.00 per month.

20.     Defendants knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Servers violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

21.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth in this section.

22.     At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

23.     Plaintiff brings her claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

24.     Plaintiff brings her FLSA claims on behalf of all Cleaners employed by Defendants at any time within the applicable statute of limitations period, who are

entitled to payment of the following types of damages:

   A.     A lawful minimum wage for all hours worked;

   B.     Liquidated damages; and

   C.     Attorneys' fees and costs.

   25.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

   26.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

   27.    The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A.     They performed the same or substantially similar duties;

   B.     They were classified by Defendants as salaried employees; and

   C.     They did not receive sufficient compensation for all hours worked.

   28.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds five (5) persons.

   29.    Defendants can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

33.    At all relevant times, Defendants directly hired members of the Collective Action Class to work as Cleaners, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

34.    At all relevant times, each member of the Collective Action Class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

## VI. FIRST CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

35.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth in this section.

36.    This is a collective action filed on behalf of all Cleaners employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid wages because Defendants failed to pay Cleaners a lawful minimum wage.

37.    Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

38.    At all relevant times, Plaintiff and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

39.    At all relevant times, Plaintiff and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

40.    At all relevant times, Defendants were an "employer" of Plaintiff and all other similarly situated employees, as defined by 29 U.S.C. § 203(d).

41.     Defendants failed to pay Plaintiff and all similarly situated employees the overtime rate required under the FLSA for tipped work.

42.     Because these employees are similarly situated to Plaintiff, and are owed compensation for the same reasons, the proposed collective is properly defined as follows:

**All Cleaners within the past three years.**

43.     Defendants' violations entitle Plaintiff and all other similarly situated employees to compensatory damages calculated as the full amount of wages owed, less the amount of wages actually received.

44.     Defendants' violations entitle Plaintiff and all other similarly situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

45.     Plaintiff and all other similarly situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VII.     SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

46.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

47.     At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

48.     At all relevant times, Plaintiff has been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

49.     At all relevant times, Defendants were an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

50.     Defendants failed to pay Plaintiff minimum wages as required under the FLSA.

51.     Defendants' violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed, less the amount of wages actually received.

52.     Defendants' violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

53.     Plaintiff is entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brenda Palmer, individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

A.      That each Defendant be summoned to appear and answer herein;

B.      That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.      A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

D.      Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.      Judgment for damages for all unpaid back wages at the applicable

minimum wage owed to Plaintiff and members of the collective from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F.     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff and members of the collective;

G.     An order directing Defendants to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**BRENDA PALMER, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

WIGGINS CHILDS PANTAZIS FISHER &
GOLDFARB, LLC
301 19TH STREET NORTH
BIRMINGHAM, ALABAMA 35203
TELEPHONE: (205) 314-0188
FACSIMILE: (205) 254-1500

/s/ Jon C. Goldfarb
Jon C. Goldfarb (asb-5401-f58j)
jcg@wigginschilds.com

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com
*PHV To Be Filed*

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*PHV To Be Filed*